NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC A. DUPREE, former attorney for Claimant,<br><br>         Petitioner,<br><br>  v.<br><br>RESOURCE CONSULTANTS; et al.,<br><br>         Respondents,<br><br>CHARLES THOMPSON,<br><br>         Real Party in Interest. | No.   22-70021<br><br>BRB No. 20-0106<br><br><br>MEMORANDUM* |
| ERIC A. DUPREE, former attorney for Claimant,<br><br>         Petitioner,<br><br>  v.<br><br>RESOURCE CONSULTANTS; et al.,<br><br>         Respondents,<br><br>CHARLES THOMPSON,<br><br>         Real Party in Interest. | No.   22-70046<br><br>BRB Nos.   20-0106<br>                21-0573 |

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| ERIC A. DUPREE,<br><br>          Petitioner,<br><br>  v.<br><br>DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS; RESOURCE CONSULTANTS; CONTINENTAL INSURANCE COMPANY/CNA INTERNATIONAL; TRAVELERS CASUALTY INSURANCE COMPANY; SERCO, INC.; AIG CHARTIS INSURANCE COMPANY,<br><br>          Respondents,<br><br>CHARLES THOMPSON,<br><br>          Real Party in Interest. | No.    23-2050<br><br>BRB No. 20-0106 |

On Petition for Review of an Order of the
Benefits Review Board

Submitted July 8, 2024[**]
San Francisco, California

Before:  FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Eric Dupree petitions for review of two Benefits Review Board ("Board")

decisions affirming the denial of his petitions for attorneys' fees for representing a

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claimant seeking workers' compensation under the Longshore and Harbor Workers' Compensation Act. Dupree's counsel, Norman Cole, also petitions for review of the Board's denial of his motion for fees for representing Dupree in connection with Dupree's petitions for fees before the agency. We deny the petitions.

1.      After Dupree withdrew from representation, the claimant settled his claims with the employers and carriers under the Act. *See* 33 U.S.C. § 908(i). Those settlement agreements extinguished the employers' and carriers' liability for the claims and for related attorneys' fees, and also provided that the claimant's current counsel would allocate fees to Dupree for the work he performed before he withdrew. The administrative law judge ("ALJ") approved the agreements. *See id.* § 908(i)(3); 20 C.F.R. § 702.132(c). Dupree did nothing to assert or protect his interests at that time, even though he had notice of the impending settlements. Over three years later, Dupree filed motions for attorney's fees before the ALJ and the Director of the Office of Workers' Compensation Programs for work done before the claims settled. Dupree cannot collaterally attack the final settlement agreements by appealing his separate motions for fees. *See* 33 U.S.C. § 921(a) (stating compensation orders become final after 30 days); *Downs v. Dir., OWCP, U.S. Dep't of Labor*, 803 F.2d 193, 199 n.13 (5th Cir. 1986) (explaining that, because the settlement agreement was final, "the ALJ's authority, while open to attack on direct appeal, cannot be challenged in this collateral proceeding").

2. Nor is Cole entitled to recover fees from the employers and carriers because the settlement agreements extinguished the employers' and carriers' liability for future attorneys' fees. *See Downs*, 803 F.2d at 199 n.13.

**PETITION DENIED.**